# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Davidson Division

RECEIVED

OCT 28 2020

US DISTRICT COURT
MID DIST TENN

)
)
)

Daniel James Silva

)
)

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

AnDrew mullen
Scott Swift

)
)
)
)
)
)
)
)
)
)
)

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

Case No. 03-20 0938

*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [X] Yes [ ] No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name            Daniel James Silva

Address         Po Box 493

                Colfax              NC         27235
                *City*              *State*     *Zip Code*

County

Telephone Number    336-918-8861

E-Mail Address

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

Name                    Andrew Mullen

Job or Title *(if known)*   Officer

Address                 101 harding Place

                        Nashville       TN        37211
                        *City*          *State*    *Zip Code*

County

Telephone Number

E-Mail Address *(if known)*

☒ Individual capacity      ☐ Official capacity

Defendant No. 2

Name                    Scott Smith

Job or Title *(if known)*

Address                 2201 Harding Place

                        Nashville       TN        37215
                        *City*          *State*    *Zip Code*

County

Telephone Number

E-Mail Address *(if known)*

☒ Individual capacity      ☐ Official capacity

Defendant No. 3

- Name
- Job or Title *(if known)*
- Address

| City | State | Zip Code |

- County
- Telephone Number
- E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

Defendant No. 4

- Name
- Job or Title *(if known)*
- Address

| City | State | Zip Code |

- County
- Telephone Number
- E-Mail Address *(if known)*

☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☒ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

See attached

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

See Attach

## III.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   Where did the events giving rise to your claim(s) occur?

See Attached

B.   What date and approximate time did the events giving rise to your claim(s) occur?

C.   What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

## IV.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See attached

## V.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

See attached

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:          10/26/2020

Signature of Plaintiff

Printed Name of Plaintiff          Daniel James Silva

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number

E-mail Address

1    United States District Court Middle District of Tennessee

2    801 Broadway, Room 800, Nashville, TN 37203

3

4

5    _____ Daniel James Silva _____

6

7                    Plaintiff

8    Andrew Mullen

9    Scott  Swift

10   _____ _____

11        Defendants

12

13                        Civil rights complaint

14

15   I Daniel James file hereby file a civil rights complaint against the following

16   defendants, here are their addresses,

17

1    Scott Kingsley Swift – 2201 Harding Pl, Nashville, TN 37215

2

3    Andrew mullen-5101 Harding Place, Nashville, TN 37211

4    My address po box 493 , Colfax,nc, 27235

5    Due to the fact that on 5/19/2020 I went to address 2201 Harding place to serve defendant

6    Taylor Alison swift a summary judgment and also to attempt an arrest on her for the following

7    crimes,

8    Multiple counts of Obstruction of justice 1505

9    Multiple rico violations

10   Multiple counts of 18 U.S. Code § 241. Conspiracy against rights

11   And multiple other crimes along with her lawyer Doug Baldridge he orchestrated her crimes I'll

12   explain below,

13

14                          Factual background

15   1.       On 06/18/2020  a motion to dismiss in case 4:19-cv-00286-RH-MJF SILVA v. SWIFT et al

16   was granted that  Doug Baldridge filed for Taylor swift (dkt 74),

17    it violates my 5th and 14th amendment right of due process and my 7th amendment right to a

18   jury trial in an amount in controversy above 20 dollars or 75,000 usd of today's money. My

19   constitutional amendment rights were violated by swift, tas rights management and Baldridge

1    constitutional amendment rights were violated by swift, tas rights management and Baldridge

2    so that trademarks (1989 sn: 86363039) and (1989 sn: 86369161) were not declared fraudulent

3    which they are because swifts name of her album is called (T.S. 1989) sn:86369455, meaning

4    trademarks (1989 sn: 86363039) and (1989 sn: 86369161) are both fraudulent

5    misrepresentations of her album meaning that 2- 3rd degree felonies were committed to

6    obtain both marks. The motion to dismiss was also a criminal act of obstruction 1505.

7

8    2.Taylor swift has paid Doug Baldridge millions of dollars in retainers over nearly 4 years and 7

9    lawsuits to obstruct both 1989 trademarks (1989 sn: 86363039) and (1989 sn: 86369161)

10   committing a RICO violation, a person who has committed "at least two acts of racketeering

11   activity" drawn from a list of 35 crimes—27 federal crimes and 8 state crimes—within a 10-year

12   period can be charged with racketeering if such acts are related in one of four specified ways to

13   an "enterprise". Those found guilty of racketeering can be fined up to $25,000 and sentenced

14   to 20 years in prison per racketeering count.)

15

16   4.All evidence of swifts fraudulent marks can be found in the trademark office online database

17   were trademarks (1989 sn: 86363039) and (1989 sn: 86369161) have identical trademark

18   specimens (T.S. 1989) sn:86369455 is the real name of her album, it even says (T.S. 1989) on

19   the CD itself making (1989 sn: 86363039) and (1989 sn: 86369161) fraudulent

20   misrepresentations, to make it worse swift's trademark lawyer N.rose only made amendments

1    to the fraudulent registrations only after I filed my 1st lawsuit of many vs swift, rose was

2    actively committing crime on swifts behalf as far back as 4 years ago.

3

4    4.      It is clear as Day with a 100% certainty that Taylor Alison swift and James Douglas

5    Baldrige are guilty of conspiring against my 5th 7th and 14th amendment rights and committed

6    at least 2 acts of RICO to continue their crimes.

7    5. to make a long story very short Taylor swift and Doug Baldrige obstructed trademarks (1989

8    sn: 86363039) and (1989 sn: 86369161) that have identical trademark specimens (T.S. 1989)

9    sn:86369455 is the real name of her album, it even says (T.S. 1989) on the CD itself making

10    (1989 sn: 86363039) and (1989 sn: 86369161) fraudulent misrepresentations. All 11 federal

11    judges who are named below over saw all my cases in Florida,

12

13    Harvey E. Schlesinger, presiding Monte C. Richardson, referral

14    3:17-cv-00292-HES-MCR      Silva v. Swift    filed 03/13/17    closed 07/13/17

15

16    Marcia Morales Howard, presiding James R. Klindt, referral

17    3:17-cv-00814-MMH-JRK Silva v. Swift filed 07/17/17    closed 05/01/18

18

19

Marcia Morales Howard, presiding James R. Klindt, referral

3:18-cv-00688-MMH-JRK Silva v. TAS Rights Management, LLC     filed 05/25/18  closed

10/04/18

Timothy J. Corrigan, presiding Monte C. Richardson, referral

3:19-cv-00354-TJC-MCR     Silva v. Tas Rights Management LLC  filed 02/27/19  closed

05/13/19

Roy B. Dalton, Jr., presiding T. B. Smith, referral

6:19-cv-00384-RBD-T_S     Silva v. Tas Rights Management LLC  filed 02/27/19  closed

03/27/19

ROBERT L HINKLE, presiding MICHAEL J FRANK, referral

4:19-cv-00286-RH-MJF SILVA v. SWIFT et al Date filed: 06/21/2019 Date terminated:

06/18/2020

4:19-cv-00290-AW-CAS SILVA v. BALDRIDGE et al

ALLEN C WINSOR, presiding CHARLES A STAMPELOS, referral

1   Date filed: 06/21/2019 Date terminated: 12/18/2019

2

3   3:20-cv-00810 Silva v. Swift et al

4   Eli J. Richardson, presiding

5   Date filed: 09/17/2020

6   Date terminated: 10/21/2020

7   Date of last filing: 10/21/2020

8

9   ALL NAMED JUDGES WHERE MADE AWARE OF SWIFTS AND BALDRIDGES CRIMES AND

10  CONSPIRED AGINEST MY RIGHTS AND COMMITTED MUTIPLE OBSTRUCTION 1505 COUNTS

11  AND RICO VIOLATIONS IN THE PROCESS.

12

13                          **Statement of claim**

14  on 5/19/2020 I went to address 2201 Harding place to serve defendant Taylor Alison swift and

15  also to attempt an arrest on her for the following crimes,

16  Multiple counts of Obstruction of justice 1505

17  Multiple RICO violations

1 Multiple counts of 18 U.S. Code § 241. Conspiracy against rights and 42 U.S. Code § 1985.

2 Conspiracy to interfere with civil rights

3 And multiple other crimes along with her lawyer Doug Baldridge he orchestrated her crimes ill

4 explain below.

5 I had gone to address 2201 Harding place and when I got there I was met by 2 armed guards

6 but I did not attempt to beach the gate, I handed over a copy of the my civil rights lawsuit for

7 case 4:19-cv-00286-RH-MJF SILVA v. SWIFT et al. a certified complaint and a singed affidavit

8 explaining swifts crimes in detail, on the arresting affidavit by officer Andrew Mullen which he

9 stated (the defendant was trying to serve federal rico violations paperwork to a resident)

10 admitting he knew swift lives at the house  and address, he later stated ( the defendant was

11 there to serve papers and to make a citizen's arrest.  Officer MULLEN has blatantly admitted

12 that he not only knew why I was there but after understating why I was there, feloniously

13 obstructing my legitimate citizen's arrest also protecting SWIFT from arrest in the process.

14

15         I have 2 counts to this Civil rights complaint,

16                                COUNT 1

17 1st by officer Andrew Mullen placing me under arrest for 3rd degree trespass

18 Mullen and the other 4 officers that where there committed the following civil rights violations

19 and broken the following criminal statues federal and state committed by all named parities in

20 the lawsuit,

1

2   By Mullen arresting me after reading the certified civil rights complaint and affidavit he

3   committed

4   1st obstruction of justice 1505 (multiple counts) both fraudulent trademarks being that lawsuit

5   4:19-cv-00286-RH-MJF SILVA v. SWIFT et al was pending at the time,

6   And also

7   2nd 2010 Tennessee Code

8   Title 39 - Criminal Offenses

9   Chapter 11 - General Provisions

10  Part 4 - Criminal Responsibility

11  39-11-411 - Accessory after the fact.

12

13  (a)  A person is an accessory after the fact who, after the commission of a felony, with

14  knowledge or reasonable ground to believe that the offender has committed the felony, and

15  with the intent to hinder the arrest, trial, conviction or punishment of the offender:

16

17      (1)  Harbors or conceals the offender.

18

1     **(2) Provides or aids in providing the offender with any means of avoiding arrest, trial,**

2     **conviction or punishment; or**

3

4     (3) Warns the offender of impending apprehension or discovery.

5

6     (b) This section shall have no application to an attorney providing legal services as required or

7     authorized by law.

8

9     (c) *Accessory after the fact is a Class E felony.*

10

11     [Acts 1989, ch. 591, § 1; 1994, ch. 978, § 4; 1995, ch. 281, § 1.]

12

13     Mullen is also an 39-11-411. Accessory TO A FALSE POLICE REPORT

14

15     2010 Tennessee Code

16     Title 39 - Criminal Offenses

17     Chapter 16 - Offenses Against Administration of Government

18     Part 5 - Interference with Government Operations

1    39-16-502 - False reports. But also 39-11-411. Accessory after the fact, for swifts rico violations

2    and the civil rights violations perpetrate by the arresting officer (Mullen) and his back up.

3    Mullens arrest affidavit is fraudulent because the police report was fraudulent, the report was

4    made to obstruct my arrest. Being that mullens affidavit is fraudulent he and 4 others violated

5    my 4th amendment right, the 4th amendment is the right of the people to be secure in their

6    persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be

7    violated, and no warrants shall issue, but upon probable cause, supported by oath or

8    affirmation, and particularly describing the place to be searched, and the persons or things to

9    be seized. Mullens and 4 other officers illegal searched my person and car on 2201 Harding

10    places property.

11               Count 2 of the lawsuit

12    Scott Kingsley Swift is the owner of 2201 Harding place, records show a mr. Jay schaudies but

13    he is a straw buyer, the house was originally gifted to mrs. andrea finley swift, taylor swifts

14    mother back in 2011 by taylor swift , being that Andrea Finley and Scott swift are still married

15    2201 Harding place is 50 % his property though common law marriage.

16    Not only can scott swift be an accessory to mullens fraudulent arrest, the false

17    police report to obstruct my arrest that day is under

18    ***criminal Malicious Prosecution***

19    The person being sued initiated a legal proceeding against the criminal defendant (now a

20    plaintiff) – for example, they filed a false police report; The proceeding ends in a acquittal or

1  dismissal; The person who initiated the legal proceeding had an improper person (meaning it

2  was not a mistake but rather, was done for some kind of malicious purpose, for example) The

3  criminal defendant-turned-plaintiff was damaged in some manner.

4  Mr swifts false police report lead to a criminal Malicious Prosecution which is the legal basis to

5  sue mr swift in this case, his false police report caused mr Mullens to illegally violate my 4th

6  amendment right and committed an unconstitutional search to my person and car that was on

7  scott kinglys swifts property.

8

9  ***The following relief is requested***

10 ***Specific relief requested***

11 *___ **I Daniel James silva pray this court grants for the following relief***

12 *_____**Declaratory Judgement***

13 ***A1. Was my attempted citizen's arrest on Taylor Alison swift at 2201 Harding***

14 ***place (constitutional)?***

15 ***A2. Was my arrest by officer Andrew Mullen at 2201 Harding***

16 ***place(unconstitutional)?***

17 ***A3. Did the  false police report at 2201 Harding place  lead Andrew mullen to***

18 ***violate my 4th amendment right.***



1

2          Memorandum of law for a Declaratory Judgement

3                Rule 57. Declaratory Judgment

4   These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201.

5   Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy

6   does not preclude a declaratory judgment that is otherwise appropriate. The court may order a

7   speedy hearing of a declaratory-judgment action.

8   (As amended Dec. 29, 1948, eff. Oct. 20, 1949; Apr. 30, 2007, eff. Dec. 1, 2007.)

9   The fact that a declaratory judgment may be granted "whether or not further relief is or could

10  be prayed" indicates that declaratory relief is alternative or cumulative and not exclusive or

11  extraordinary. A declaratory judgment is appropriate when it will "terminate the controversy"

12  giving rise to the proceeding. Inasmuch as it often involves only an issue of law on undisputed

13  or relatively undisputed facts, it operates frequently as a summary proceeding, justifying

14  docketing the case for early hearing as on a motion, as provided for in California (Code Civ.Proc.

15  (Deering, 1937) §1062a), Michigan (3 Comp.Laws (1929) §13904), and Kentucky (Codes (Carroll,

16  1932) Civ.Pract. §639a–3).

17  The "controversy" must necessarily be "of a justiciable nature, thus excluding an advisory

18  decree upon a hypothetical state of facts." Ashwander v. Tennessee Valley Authority, 297 U.S.

19  288, 325, 56 S.Ct. 466, 473, 80 L.Ed. 688, 699 (1936). The existence or nonexistence of any right,

20  duty, power, liability, privilege, disability, or immunity or of any fact upon which such legal

18

relations depend, or of a status, may be declared. The petitioner must have a practical interest in the declaration sought and all parties having an interest therein or adversely affected must be made parties or be cited. A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case, but general ordinary or extraordinary legal remedies, whether regulated by statute or not, are not deemed special statutory proceedings.

When declaratory relief will not be effective in settling the controversy, the court may decline to grant it. But the fact that another remedy would be equally effective affords no ground for declining declaratory relief. The demand for relief shall state with precision the declaratory judgment desired, to which may be joined a demand for coercive relief, cumulatively or in the alternative; but when coercive relief only is sought but is deemed ungrantable or inappropriate, the court may sua sponte, if it serves a useful purpose, grant instead a declaration of rights. Hasselbring v. Koepke, 263 Mich. 466, 248 N.W. 869, 93 A.L.R. 1170 (1933). Written instruments, including ordinances and statutes, may be construed before or after breach at the petition of a properly interested party, process being served on the private parties or public officials interested. In other respects the Uniform Declaratory Judgment Act affords a guide to the scope and function of the Federal act. Compare Aetna Life Insurance Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461 (1937); Nashville, Chattanooga & St. Louis Ry. v. Wallace, 288 U.S. 249 (1933); Gully, Tax Collector v. Interstate Natural Gas Co., 82 F.(2d) 145 (C.C.A.5th, 1936); Ohio Casualty Ins. Co. v. Plummer, 13 F.Supp. 169 (S.D.Tex., 1935); Borchard, Declaratory Judgments (1934), passim.

1       *Monetary punitive damages*

2       *General Monetary damages*

3   *For monetary damages I pray and request the following*

4

5   *From each defendant 1,000 dollars (car towed 250 dollars, 1 night hotel 100 dollars and lost*

6   *profits for the time spent in Nashville, 1000 dolars base damages*

7   *I also request a prorated loss income(attorney's fees) for working on this case the last 3*

8   *months or a form of it this is a revised form ive worked on for 3 months now,*

9   *In 2018 the mid income for the city of Nashville was $65,919 so ¼ of that is 16,479.75, so*

10  *17,479.75 dollars from each defendant.*

11  I request general damages (pro se attorney fees) in the amount of  17,479.75 dollars from

12  each defendant listed,

13  Scott Kingsley Swift

14  Andrew Mullen

15  17,479.75 dollars

16  And from Scott kingly swift an addition 500,000 in punitive damages

17  For a total sum of 534,959 united states dollars.

18

1    ***Memorandum of law for punitive damages***

2    Punitive damages are not intended to compensate the plaintiff. Dyna-Med, Inc. v FEHC (1987)

3    43 C3d 1379, 1387, 341 CR 67; Newport v Facts Concerts, Inc. (1981) 453 US 247, 266, 69 L Ed

4    2d 616, 631, 101 S Ct 2748. The reality, however, is that the plaintiff is the party who receives

5    the punitive damage award. Originally, this was done because such awards made up for

6    intangible harms, but with the increase in other recoverable damages, such justification is less

7    potent. Some argue that the plaintiff should receive punitive damages because of the large

8    amounts of time, money, and effort expended to obtain these verdicts. The goal of the law,

9    however, is to make plaintiffs whole, not to reward them for zealous litigation. Generally, the

10   plaintiff receives the award "because there is no one else to receive it." Shepherd Components,

11   Inc. v Brice Petrides-Donohue & Assocs., Inc. (Iowa 1991) 473 NW2d 612, 619. The defendant's

12   wealth is an important part of the punitive damage's equation. In Las Palmas Assocs. v Las

13   Palmas Center Assocs. (1991)235 CA3d 1220, 1243, 1 CR2d 301, the court stated:

14   Because punitive damages are intended to punish the wrongdoer, a wealthy wrongdoer should

15   face a higher punitive damages award than a less wealthy party. Neal v Farmers Ins. Exch.

16   (1978)21 C3d 910, 928, 148 CR 389 ("the function of deterrence . . . will not be served if the

17   wealth of the defendant allows him or her to absorb the award with little or no discomfort").

18   Little v Stuyvesant Life Ins. Co. (1977)67 CA3d 451, 469, 136 CR 653; see also Michelson v

19   Hamada (1994)29 CA4th 1566, 1595, 36 CR2d 343. [a]lthough appellate courts have sometimes

20   used the terms "wealth," "financial condition" and "net worth" interchangeably [citations],

21   clearly these terms are not synonymous. And, while "net worth" is probably the financial

1  measurement most often used in setting the amount of punitive damages, no court has held

2  that it is the only permissible measurement.

3  See also Cheung v Daley (1995)35 CA4th 1673, 1677, 42 CR2d 164; Kizer v County of San Mateo

4  (1991) 53 C3d 139, 147, 279 CR 318. In Clark v McClurg (1932) 215 C 279, 9 P2d 505, however,

5  an award of $5000 in punitive damages was upheld when the jury left blank the space for actual

6  damages.

7  In Cheung, defendant was accused of fraudulently transferring real property to evade

8  satisfaction of a nuisance judgment against him. The jury found that plaintiff was entitled to

9  compensatory damages in the amount of $0. The jury further found that by making the

10  fraudulent transfers, defendant had acted with fraud, oppression, or malice, and awarded

11  punitive damages. On appeal, the court concluded that "the rule of Mother Cobb's Chicken --

12  that an award of exemplary damages must be accompanied by an award of compensatory

13  damages—is still sound. That rule cannot be deemed satisfied where the jury has made an

14  express determination not to award compensatory damages." 35 CA4th at 1677.

15  Michelson v Hamada (1994)29 CA4th 1566, 1593, 36 CR2d 343; Las Palmas Assocs. v Las Palmas

16  Center Assocs. (1991)235 CA3d 1220, 1243, 1 CR2d 301 ("punitive damages are not awarded for

17  the purpose of rewarding the plaintiff, but to punish the defendant"); Kaye v Mount La Jolla

18  Homeowners Ass'n (1988)204 CA3d 1476, 1493, 252 CR 67; Dyna-Med, Inc. v FEHC (1987) 43

19  C3d 1379, 1387, 341 CR 67 (punitive damages "serve but one purpose—to punish and through

20  punishment, to deter"); Castaic Clay Mfg. Co. v Dedes (1987)195 CA3d 444, 450, 240 CR 652;

21  Neal v Farmers Ins. Exch. (1978)21 C3d 910, 928 n13, 148 CR 389. Accordingly, punitive

1  damages should not be greater than the amount necessary to accomplish these goals. Weeks v

2  Baker & McKenzie (1998)63 CA4th 1128, 1166, 74 CR2d 510; Michelson v Hamada (1994)29

3  CA4th 1566, 1593, 36 CR2d 343; Neal v Farmers Ins. Exch. (1978)21 C3d 910, 928 n13, 148 CR

4  389 ("the function of punitive damages is not served by an award which, in light of the

5  defendant's wealth and the gravity of the particular act, exceeds the level necessary to properly

6  punish and deter").

7  Memorandum of law to bring this case against Andrew Mullen and Scott kingly swift.

8  *1st malicious criminal prosecution*

9   in 2011 Ninth Circuit Court of Appeals case held that public prosecutors may even be sued for

10  malicious criminal prosecutions ("A criminal defendant may maintain a malicious prosecution

11  claim not only against prosecutors but also against others —including police officers and

12  investigators —who wrongfully caused his prosecution") Smith v. Almada, 640 F.3d 931 (2011),

13  his was a clear misstatement of well established law regarding prosecutorial immunity; that of a

14  public prosecutor. See, Imbler v. Patchman, 424 U.S. 409 (1975) (absolute prosecutorial

15  immunity for filing and prosecuting any criminal action.)

16

17  *2nd  42 U.S.C. § 1983*, which authorizes "constitutional torts", by creating a private right of

18  action in federal court (Congress even allowing federal claims in a state court), against any

19  person who, "under color of [state law]," causes injuries by violating an individual's federal

20  Constitutional or statutory rights.  Section 1983, however, "is not itself a source of substantive

21  rights, but a method for vindicating federal rights elsewhere conferred by those parts of the

1 United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S.

2 137, 144 n.3 (1979.) Therefore, in order to bring a malicious prosecution claim under Section

3 1983, a malicious criminal prosecution must be deemed a deprivation of a right "secured by the

4 Constitution."

5 **3rd U.S. Supreme Court case**

6 Pulliam v. Allen, 466 U.S. 522 (1984)

7 1. Judicial immunity is not a bar to prospective injunctive relief against a judicial officer, such as

8 petitioner, acting in her judicial capacity. Pp. 466 U. S. 528-543.

9 (a) Common law principles of judicial immunity were incorporated into the United States

10 judicial system, and should not be abrogated absent clear legislative intent to do so. Although

11 there were no injunctions against common law judges, there is a common law parallel to the §

12 1983 injunction at issue here in the collateral prospective relief available against judges through

13 the use of the King's prerogative writs in England. The history of these writs discloses that the

14 common law rule of judicial immunity did not include immunity from prospective collateral

15 relief. Pp. 466 U. S. 528-536.

16 (b) The history of judicial immunity in the United States is fully consistent with the common law

17 experience. There never has been a rule of absolute judicial immunity from prospective relief,

18 and there is no evidence that the absence of that immunity has had a chilling effect on judicial

19 independence. Limitations on obtaining equitable relief serve to curtail or prevent harassment

20 of judges through suits against them by disgruntled litigants. Collateral injunctive relief against

24

a judge, particularly when that relief is available through § 1983, also raises a concern relating to the proper functioning of federal-state relations, but that

Page 466 U. S. 523

concern has been addressed directly as a matter of comity and federalism, independent of principles of judicial immunity. While there is a need for restraint by federal courts called upon to enjoin actions of state judicial officers, there is no support for a conclusion that Congress intended to limit the injunctive relief available under § 1983 in a way that would prevent federal injunctive relief against a state judge. Rather, Congress intended § 1983 to be an independent protection for federal rights, and there is nothing to suggest that Congress intended to expand the common law doctrine of judicial immunity to insulate state judges completely from federal collateral review. Pp. 466 U. S. 536-543.

2. Judicial immunity is no bar to the award of attorney's fees under the Civil Rights Attorney's Fees Awards Act. Congress has made clear in the Act its intent that attorney's fees be available in any action to enforce § 1983. And the legislative history confirms Congress' intent that an attorney's fee award be made available even when damages would be barred or limited by immunity doctrines. Pp. 466 U. S. 543-544.

690 F.2d 376, affirmed.

BLACKMUN, J., delivered the opinion of the Court, in which BRENNAN, WHITE, MARSHALL, and STEVENS, JJ., joined. POWELL, J., filed a dissenting opinion, in which BURGER, C.J., and REHNQUIST and O'CONNOR, JJ., joined, post, p. 466 U. S. 544.

1  **This supreme court case gives an example of the right for a federal judge to over see this case**

2  **even a state crime that involves a persons protected constitutional rights.**

3  **Conclusion**, on 5/19/2020 I went to address 2201 Harding place to serve defendant Taylor

4  Alison swift a summary judgment and also to attempt an arrest on her for the following crimes,

5  Multiple counts of Obstruction of justice 1505

6  Multiple rico violations

7  Multiple counts of 18 U.S. Code § 241. Conspiracy against rights

8  And multiple other crimes along with her lawyer Doug Baldridge he orchestrated her crimes.

9  A false police report was made at 2201 Harding place who Scott kingley swift is part owner by

10  common law marriage, Andrew mullen arrived on scene and arrested me after reading a

11  verified complaint of swifts crimes and a separate affidavit proving her crimes was falsely

12  arrested crated by a false police report that obstructed my arrest.my 4th amendment right was

13  violated and mr Scott kingsley swift and his daughter are pursuing a malicious criminal

14  prosecution for tying to arrest ms. Tayor swift for RICO violations on a property she gifted her

15  and mother and father , my library was also stolen.

16  Daniel James Silva pro se _____ 10/26/2020

17  Ps this case falls under federal jurisdiction I crossed state lines to enforce federal rico violations

18  by Taylor swift at a house she bought for her mother, at 2201 on the day in question my 4th

19  amendment right was violated. Federal jurisdiction is proper for this case

26



From Daniel James silva

PO Box 493, Colfax, nc, 27235

RECEIVED

OCT 28 2020

US DISTRICT COURT
MID DIST TENN

COVID19

To: united states district court middle district of Tennessee

801 Broadway , Room 800, Nashville , TN 37203

U.S. POSTAGE PAID
WINSTON SALEM, NC
27103
OCT 26, 20
AMOUNT
**$5.75**
R2304M116215-42

1000    37203

CERTIFIED MAIL

7019 0160 0001 0406 0106

