# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| DANIEL JAMES SILVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00938 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| ANDREW MULLEN AND | ) |
| SCOTT SWIFT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

Plaintiff Daniel James Silva, a North Carolina resident, filed a pro se Complaint against Defendants Andrew Mullen and Scott Swift under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Doc. No. 1). Silva also submitted an application to proceed as a pauper. (Doc. No. 2). This is the second lawsuit Plaintiff has brought in this district based upon his dissatisfaction with intervention by law enforcement in his attempt to personally "arrest" musician Taylor Swift at a Nashville residence.[1] This matter is now before the Court for a ruling on the application and initial review of the Complaint.

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a person to file a civil suit without paying the filing fee. 28 U.S.C. § 1915(a). Silva's application is not a model of clarity, but it is apparent that Silva has a small income that roughly equals or is exceeded by his basic monthly expenses. (Doc. No. 2). He reports

---

[1] Judge Eli Richardson of this Court dismissed Plaintiff's first lawsuit, *Silva v. Swift, et al.*, No. 3:20-cv-810, for lack of jurisdiction under Rule 12(b)(1) because it was totally implausible; struck certain pleadings as scandalous under Federal Rule of Civil Procedure 12(f); noted the concern that Plaintiff was engaged in an ongoing "trend of harassment" related to Ms. Swift; and ordered that certain filings be forwarded to the office of the United States Attorney. (Case No. 3:20-cv-801, Doc. No. 14.)

no significant bank account balance, assets, or significant discretionary expenses. (*Id.* at 2-5). It therefore appears from Silva's application that he cannot pay the full civil filing fee in advance without undue hardship. Accordingly, the application will be granted.

## II. INITIAL REVIEW OF THE COMPLAINT

The Court must conduct an initial review of the complaint and dismiss any action filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) (holding the screening procedure established by § 1915(e) also applies to *in forma pauperis* complaints filed by non-prisoners), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**A. Standard of Review**

In reviewing the Complaint, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The Court must then consider whether those factual allegations "plausibly suggest an entitlement to relief," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court need not accept as true "unwarranted factual inferences," *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)), and "legal conclusions masquerading as factual

2

allegations will not suffice." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of *pro se* litigants" or to "advis[e] litigants as to what legal theories they should pursue").

### B. Factual Background[2]

On May 19, 2020, Plaintiff went to a home in Nashville, Tennessee ("Nashville House") to serve court documents on musician Taylor Swift and attempt to "arrest" on her for "crimes" including obstruction of justice, violation of the RICO Act, and conspiracy to violate Plaintiff's federal rights. (Doc. No. 1 at 12-16). Plaintiff was met first by two armed guards, and later by Defendant Officer Andrew Mullen. (*Id.*) Defendant Scott Swift, an alleged 50% owner of the Nashville House, made an allegedly "false" police report to Mullen, and Mullen made an allegedly "fraudulent" arrest affidavit based on that report. (*Id.*) Mullen "admitted" that he knew Plaintiff was there to serve papers and make a citizen's arrest, but he "feloniously" obstructed Plaintiff from doing so and "protected Swift from arrest" by arresting Plaintiff for third-degree trespass. (*Id.*)

---

[2] The vast majority of the Complaint is irrelevant to Plaintiff's claims against Mullen and Silva. The Court discusses only the facts necessary for initial review of the Complaint.

Based on these allegations, Silva brings claims under Section 1983 that (1) Scott Swift engaged in "criminal malicious prosecution," and (2) Officer Mullen violated (a) 18 U.S.C. § 1505, (b) Tenn. Code Ann. § 39-11-411, and (c) Plaintiff's 4th Amendment right against unreasonable search and seizure. Plaintiff also claims that Mullen was an accessory to Ms. Swift's RICO violations. Silva seeks compensatory damages, punitive damages, and declaratory relief.

**C. Analysis**

1. RICO Act

Plaintiff alleges that Officer Mullen is an "accessory" to RICO violations by Taylor Swift and others, which the Court interprets to be a claim that Mullen was engaged with Swift and others in a RICO conspiracy. *See* 18 U.S.C. § 1962(d). The RICO Act allows civil plaintiffs to seek redress for predicate acts of racketeering activity or collection of unlawful debt. *See* 18 U.S.C. § 1962. To plausibly state a RICO conspiracy claim, a plaintiff must allege a RICO violation plus "the existence of an illicit agreement to violate the substantive RICO provision." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983)). "An agreement can be shown if the defendant objectively manifested an agreement to participate directly or indirectly in the affairs of an enterprise through the commission of two or more predicate crimes." *Sinito*, 723 F.2d at 1261 (internal quotation and editing marks omitted). Here, the Complaint fails to coherently or plausibly allege that Officer Mullen, who arrested Plaintiff for trespass after taking a police report from Scott Swift, manifested any agreement to participate in a criminal enterprise with Ms. Swift. Thus, Plaintiff's RICO Act conspiracy claim against Officer Mullen must be dismissed.

2. Section 1983

Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

As an initial matter, Plaintiff does not plausibly allege any Section 1983 claim against Scott Swift. The Complaint alleges that Swift, as a private citizen and property owner, made a false police report that initiated a malicious prosecution of Plaintiff. However, "under any applicable test, '[p]roviding information to the police, responding to questions about a crime, and offering witness testimony at a criminal trial does not expose a private individual to liability for actions taken 'under color of law.''" *Weser v. Goodson*, 965 F.3d 507, 516 (6th Cir. 2020) (quoting *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009)). Because Plaintiff fails to allege that Swift acted "under color of state law," *Carl*, 763 F.3d at 595, the Section 1983 claims against Swift must be dismissed for failure to state a claim.

Plaintiff's claims against Officer Mullen also must be dismissed. First, Plaintiff's claim based on Tenn. Code Ann. § 39-11-411 must be dismissed, because a Tennessee criminal statute code does not set forth a right "secured by the Constitution or laws of the United States." *Carl*, 763 F.3d at 595. Second, Plaintiff's claim based on 18 U.S.C. § 1505 must be dismissed, because Section 1505 is a federal criminal statute that does not provide a basis for liability under Section 1983. *See Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002) (Section 1505 does not provide a private right of action), *Levering v. Hinton*, No. 2:07-CV-989, 2008 WL 4425961, at *7 (citing

5

*Hamilton* and dismissing Section 1983 claim premised on violation of Section 1505) (S.D. Ohio Sept. 25, 2008); *see also Moldowan*, 578 F.3d at 391 (reaching same conclusions regarding 18 U.S.C. § 1503, and explaining that statute containing criminal penalties for obstruction of justice does not contain "rights-creating" language). Furthermore, to the extent that Plaintiff may seek to initiate a criminal investigation against Mullen under either of these statutes, he may not do so in this manner. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004) ("Private citizens, whether or not they are prisoners, simply cannot compel a criminal investigation or prosecution against another.")

Finally, Plaintiff's claim based on the Fourth Amendment must be dismissed because it is wholly conclusory and fails to state a claim. "The Fourth Amendment prohibits 'unreasonable searches and seizures,' not warrantless ones." *Graves v. Mahoning Cnty.*, 821 F.3d 772, 775 (6th Cir. 2016) (quoting *Brigham City v. Stuart*, 547 U.S. 398, 403 (2006)). Warrantless arrests are permissible, and courts ask not whether the police had a valid arrest warrant but whether the seizure was "reasonable." *Id*. at 776 (collecting cases). "[A]rrests are "reasonable" when the officer had "probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Without facts going to this 'crucial question,' the plaintiff[ ] cannot state a Fourth Amendment § 1983 claim against anyone, . . . because [he has] not alleged a violation of [his] rights." *Id*. (internal citations omitted).

Here, Plaintiff alleges that Officer Mullen met him at the Nashville House; Plaintiff explained to Officer Mullen that he was attempting to serve papers and arrest Ms. Swift for her "crimes"; Officer Mullen understood why Plaintiff was there and sought to protect Ms. Swift from

6

Plaintiff's presence; Scott Swift made a "fraudulent" police report to "obstruct" Plaintiff's arrest of Ms. Swift; and, as a result, Officer Mullen's arrest affidavit was "fraudulent." (Doc. No. 1 at 15-16.) Based on these allegations alone, Plaintiff asserts that Officer Mullen violated his Fourth Amendment rights by arresting and searching him.

These allegations fail to adequately allege a Fourth Amendment violation, because Plaintiff does not plausibly suggest that Officer Mullen lacked probable cause to arrest him for trespass. In Tennessee, a person commits criminal trespass if they enter or remain on a property, or any portion of a property, without the consent of the owner. Tenn. Code Ann. § 39-14-405. According to the Complaint, Officer Mullen encountered Plaintiff, a North Carolina resident, in the midst of a persistent and unwelcome attempt to "arrest" Ms. Swift for fantastical "crimes" on her Nashville, Tennessee property. Moreover, the Plaintiff's allegations are so wholly conclusory that they do not allow the Court to draw any reasonable inference that Scott Swift and Officer Mullen were engaged in an improper attempt to seize or search Plaintiff. That is, aside from repeatedly invoking the word "fraudulent," Plaintiff does not offer *any* suggestion as to *how or why* either Swift's police report or Officer Mullen's arrest affidavit were improper. At bottom, Plaintiff has not offered "more than a sheer possibility that [Officer Mullen] has acted unlawfully." *Iqbal*, 556 U.S. at 678. Accordingly, the Complaint "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.) Accordingly, Plaintiff's Fourth Amendment claim must, therefore, be dismissed for failure to state a claim.

## III.  CONCLUSION

For these reasons, Plaintiff fails to state a claim against either Defendant. The Complaint will be dismissed.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE