# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **DANIEL JAMES SILVA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 3:20-cv-00938** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **ANDREW MULLEN AND** | ) | |
| **SCOTT SWIFT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Plaintiff Daniel James Silva, a North Carolina resident, filed a pro se Complaint against Defendants Andrew Mullen and Scott Swift under 42 U.S.C. § 1983 and the Racketeer Influenced and Corrupt Organizations ("RICO") Act. (Doc. No. 1). After granting Silva pauper status, the Court dismissed the Complaint upon conducting the initial review required by 28 U.S.C. § 1915(e). (Doc. Nos. 4, 5). Silva has now filed a "Motion for Injunctive Relief from a[n] Order as per Rule 60(b)(3) and (4)." (Doc. No. 7). Although this 25-page filing is often incomprehensible, it is obvious that Silva is displeased with the dismissal of his Complaint. (*Id.*)

There is no federal procedural rule permitting a motion for reconsideration. However, the Court may look to Federal Rules of Civil Procedure 59 and 60. Although Silva invokes Rule 60, because he made this filing six days after the entry of judgment, the Court construes his filing as a Rule 59(e) motion, "which sets forth a less stringent standard for relief than does Rule 60(b)." *Grimes v. Warden*, 3:16-cv-2061, 2016 WL 7336501, at *1 (M.D. Tenn. Dec. 19, 2016); *see also Simpson v. U.S. Bank Nat. Ass'n*, No. 3:13-cv-00325, 2013 WL 3224341, at *2 (M.D. Tenn. June 25, 2013) (explaining choice between consideration under Rule 59(e) or Rule 60). A Rule 59(e)

motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The movant may not use Rule 59 to re-argue the case or to present arguments or evidence that should have been before the court at the time judgment entered. *Banister v. Davis*, 140 S. Ct. 1698, 1705-08 (2020) (citing 11 C. Wright, A. Miller, & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (3d ed. 2012)); *Roger Miller Music, Inc., v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007).

Silva's motion to alter or amend is without merit. To the extent the motion can be deciphered by the Court, it has three main purposes – none of which is proper at this posture. First, based upon his disagreement with the Court's substantive rulings, Silva reargues the merits of his underlying claims against Mullen and Swift. However, Silva offers no new evidence or credible legal ground to suggest that the Court's rulings were incorrect. Mere disagreement of opinion with the Court, however fervent, does not entitle a party to relief on a motion to alter or amend.

As part of this effort, Silva contends that he was denied due process because the Court dismissed the Complaint without giving him "an opportunity to be heard." (Doc. No. 7 at 15). This argument has no basis in law. The Court is required to review and dismiss an action filed in forma pauperis "at any time" if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)). As "[Silva's] complaint was . . . subject to screening under § 1915(e) because the [Court] granted his request for in forma pauperis status," *Ongori*, 2017 WL 6759020,

2

at \*1, dismissal by the Court under Section 1915(e) without a hearing did not violate Silva's due process rights.

Second, Silva attempts to interject new claims into this closed case, the majority of which appear to be against the undersigned. Silva now claims the Court is part of the purported conspiracy with musician Taylor Swift and others that Silva is trying to stop. Silva suggests that the undersigned is responsible for a variety of civil wrongs and violation of a number of criminal statutes, as part of a broad conspiracy to "further[ ]" Ms. Swift's "many crimes . . . over many years." (Doc. No. 7 at 13.) These claims are fantastical and unsupported by any credible factual allegations. Regardless, Silva may not raise entirely new claims against a non-party to this litigation, whether or not they are against the undersigned, in a motion to alter or amend.

Third, Silva uses the motion to alter or amend as an additional opportunity to continue his ongoing, and perhaps deepening, trend of harassment of Ms. Swift. In a rambling, disorganized fashion, Silva repeats his now-familiar beliefs about Ms. Swift's purportedly criminal enterprises, his campaign to "arrest" Ms. Swift, and the interference in those efforts by law enforcement. (*See* Doc. No. 7). None of this is relevant to the propriety of the Court's dismissal Order or appropriate content for a motion to alter or amend. More importantly, it continues a disturbing course of action by this litigant over two cases in this judicial district.

In conclusion, Silva has failed to demonstrate a clear error of law, newly discovered evidence, an intervening change in controlling law, or a manifest injustice. Fed. R. Civ. P. 59(e); *GenCorp,* 178 F.3d at 834. Thus, Silva has provided no basis under Rule 59(e) for the Court to revisit the dismissal of the Complaint. The Motion to Alter or Amend (Doc. No. 7) is, therefore, **DENIED**. This case remains closed.

Silva is **CAUTIONED** that any future frivolous filings containing harassing content may result in an Order to Show Cause requiring Silva's personal attendance at a federal court hearing in Nashville, Tennessee. Furthermore, because the Court continues to be concerned about the underlying nature of Silva's comments, the Clerk **SHALL** forward a copy of this Order to the Office of the United States Attorney for the Middle District of Tennessee.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE